UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE B. PHILLIPS AND DOROTHY J. PHILLIPS, | § § § | |
| *Appellants*, | § § | |
| v. | § § | CIVIL ACTION H-12-16 |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | § § § § | |
| *Appellee*. | § | |

| | | |
|---|---|---|
| IN RE: | § § | BANKRUPTCY ACTION 09-37654 |
| JOE B. PHILLIPS AND DOROTHY J. PHILLIPS, | § § | ADVERSARY ACTION 10-03075 CHAPTER 7 |
| *Debtors*, | § | |

**MEMORANDUM OPINION AND ORDER**

Appellants Joe B. Phillips ("Phillips") and Dorothy J. Phillips (collectively the "Phillipses") appeal the bankruptcy court's summary judgment on damages, awarding Appellee Travelers Casualty and Surety Company of America ("Travelers") the non-dischargeable amounts of $623,609.05 plus prejudgment interest in the amount of $19,725.79 and post-judgment interest at .13% per annum. Upon review of the order on summary judgment, the briefing of the parties, and the record, the judgment of the bankruptcy court is AFFIRMED.

**I. BACKGROUND**

Travelers issued ten surety bonds on behalf of Phillips, who was appointed guardian of various veteran's estates by probate courts in the State of Texas. In 2008 Phillips resigned as guardian of the estates with $580,621.73 missing. The Veterans Administration (the "VA") determined that Phillips had misused the missing funds and made payments to the successor

guardians of the estates. The successor guardians, however, maintained their claims on the Bonds seeking the attorneys' fees expended in recouping and interest lost on the amounts misused by Phillips. Travelers settled the bond claims with the successor guardians, resulting in total losses and expenses of $623,609.05 on the bonds, including $264,217.48 in reasonable attorneys' fees.

The Phillipses filed a voluntary bankruptcy petition in the Bankruptcy Court of the Southern District of Texas. And Travelers filed a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523 in the underlying adversary proceeding. The Phillipses entered into an agreed judgment with Travelers, declaring they were liable to Travelers and that the debt owed was non-dischargeable. The bankruptcy court entered the agreed judgment, leaving only the issue of the amount of damages outstanding.

The bankruptcy court held a hearing on damages on December 8, 2011. Travelers presented evidence of the amount it claimed it was owed on the debt. The Phillipses did not dispute or contradict Travelers' numbers. Instead they argued that Texas indemnity law did not apply to them because Sections 6106 and 6107 of Title 31 of the United States Code operated as a bar. The bankruptcy court did not accept the Phillipses' argument and, after making findings of fact and conclusions of law on the record, on December 19, 2011 entered an order granting summary judgment in the amount Travelers had requested. The Phillipses timely filed a notice of appeal.

## II. LEGAL STANDARD

A federal district court has jurisdiction to hear appeals—and an aggrieved litigant may appeal as of right—from the "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). "The factual findings of the bankruptcy court are reviewed for clear error and its conclusions of law are reviewed de novo." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 460 (5th Cir. 2012).

### III. ANALYSIS

The Phillipses present five issues on appeal.  The court examines each in turn.

**1.      Issue 1**

In their first issue on appeal, appellants ask whether the bankruptcy court erred in granting summary judgment to Travelers for liability debt and damages, and ruling that the Phillipses owed a nondischargeable debt to Plaintiff, pursuant to 11 U.S.C. § 523(a)(4), (6).  As a threshold matter, appellants have waived any argument that the order on summary judgment as to liability and non-dischargeability was erroneous.[1]  An appellant waives an argument that is the opposite of the argument he made to the bankruptcy court.  *Marlin v. Moody Nat'l Bank, N.A.*, 248 F. Appx. 534, at *6 (5th Cir. 2007) (citin *Aldrup v. Caldera*, 274 F.3d 282, 288 (5th Cir.2001)).  On appeal, the Phillipses argue that they signed no Indemnity Agreement with Travelers.  However, the Phillipses presented the bankruptcy court with an agreed judgment to the effect that they were liable for the debt and that the debt was non-dischargeable.  Accordingly, they have waived any arguments regarding liability and dischargeability.

They also argue that the bankruptcy court erred in entering summary judgment on damages because (1) certain statutes barred the application of Texas indemnity law, and (2) the bankruptcy court misapplied the summary judgment standard.  While arguably the Phillipses' arguments regarding the applicability of the federal statutes at issue goes to liability and is therefore waived, Phillips did raise the argument at the hearing on damages and the bankruptcy court addressed it.  Therefore, this court examines it now.

---

[1] The court is aware that Phillips is representing himself and his wife pro se.  However, he is not accorded the leniency of form normally given to pro se litigants because he is a licensed attorney.  *Olivares v. Martin*, 555 F.2d 1192, 1194 (5th Cir. 1977).

### A. Section 6107 of Title 31 of the United States Code

Title 31 of the United States Code governs Veterans' Benefits. Section 6106 addresses the misuse of benefits for beneficiaries. Section 6107 covers the resissuance of benefits by the Secretary of Veterans Affairs and reads in relevant part

> In any case in which a fiduciary . . . misuses all or part of an individual's benefit paid to such fiduciary, the Secretary shall pay to the beneficiary or the beneficiary's successor fiduciary an amount equal to the amount of such benefit so misused.

38 U.S.C. § 6107(b)(1). The section further states that

> The total of the amounts paid to a beneficiary (or a beneficiary's successor fiduciary) under this section may not exceed the total benefit amount misused by the fiduciary with respect to that beneficiary.

§ 6107(c). The Phillipses argue that (1) this section caps the amount that may be recouped by the successor guardians at the amount they have already received by the government; (2) this section makes the Veterans Administration liable for all misused funds, not the guardian because of the Supremacy Clause, and (3) Travelers does not have standing to sue on behalf of the government. These arguments all fail based on some basic premises. First, the court starts by noting that Travelers is not suing the Phillipses to recover the monies paid out by the government to replace the funds misused by Phillips. Instead, Travelers is suing to recover the interest and attorneys' fees it incurred in excess of the misused funds. Therefore, the injury was done to Travelers by Phillips. Thus, Travelers has standing to bring the adversary suit.

Second, and more importantly for the Phillipses' present argument, § 6107 limits the amount paid out *by the government* and does not in any way affect third parties like Travelers. Section 6107(c) states that it limits "amounts paid . . . under this section." § 6107(c). And § 6107 deals only with money being paid by the Secretary to the successor guardians, and money being recouped by the Secretary from the fiduciary who misused the benefits. It does not address the relationship

4

between the fiduciary who misused the benefits and third parties harmed by that fiduciary. The Supremacy Clause of the United States Constitution "mandates that federal law overrides, i.e., preempts, any state regulation where there is actual conflict between the two sets of legislation." *Equal Access for El Paso v. Hawkins*, 562 F.3d 724, 730 (5th Cir. 2009) (internal quotations omitted). Because the Phillipses have failed to explain how § 6107 conflicts with Texas indemnity law, their Supremacy Clause argument fails.

### B.    Summary Judgment Standard

The Phillipses next argue that the bankruptcy court misapplied the summary judgment standard when it granted summary judgment for Travelers in the amount of $623,609.05 because there are genuine issues of material fact that must be resolved by the trier of fact. The summary judgment as to liability and non-dischargeability is not at issue here because those arguments have been waived as described above—this includes arguments that either or both of the Phillipses did not execute an Indemnity Agreement with Travelers. Therefore, the court looks only to the summary judgment on the amount of damages awarded Travelers.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 requires that a party asserting a fact must support it with evidence. FED. R. CIV. P. 56(c)(1). Failure to properly support or address a fact may result in the fact being undisputed. *Id.* at 56(e)(2). In the instant case, Travelers submitted properly supported evidence of the amounts of damages in interest and attorneys' fees. The Phillipses did not attempt to argue alternative damages or attack Travelers' numbers in any way. Instead they gambled that their Supremacy Clause argument would wipe out all of the damages entirely. Unfortunately, since the Supremacy Clause argument failed, the Phillipses are left with uncontradicted damage figures, which the bankruptcy court quite rightly considered undisputed. In this appeal, for the first time, they argue

that the numbers are wrong because they are supported by an affidavit given in bad faith and that the attorneys' fees are excessive. However, the Phillipses have waived these arguments by not raising them to the bankruptcy court in the first instance. *Keenan v. Tejada*, 290 F.3d 252, 262 (5th Cir. 2002) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.") (internal quotation marks omitted). Accordingly, the bankruptcy court did not misapply the summary judgment standard when it granted summary judgment on undisputed evidence.

**2. Issues 2 & 3**

The Phillipses' second and third issues are merely restatements of their first issue. As their second issue, they ask

> Did the bankruptcy court err in ruling that the [Phillipses] owed a debt to [Travelers] after the Court failed to recognize the U.S. Secretary of Veterans Affairs by and through the Department of Veterans Affairs compliance with 38 U.S.C. [§ 6106;] 38 U.S.C. [§ 6107(a)–(d)] and filed its claim . . . in [the Phillipses] bankruptcy proceeding.

Dkt. 5, at 2. This argument addresses the effect of the Secretary's reissuance of funds to the successor guardians pursuant to § 6107, which as the court explained above, has no bearing on the Phillipses' liability to Travelers for lost interest and attorneys' fees.

Their third issue asks

> Did the bankruptcy court err in awarding unreasonable, unnecessary, attorneys' fees and cost[s] paid in bad faith, to benefit lawyers; when such fees and expenses were not to benefit the Estates? Such fees and cost[s] were erroneous, itemized statements verified by affidavit and approved by the court.

*Id.* As explained above, these arguments are waived.

**3. Issues 4 & 5**

The Phillipses' last two issues address the bankruptcy court's ability to enter judgment in this

adversary proceeding. Issue four asks whether "the bankruptcy court err[ed] in ruling that these bankruptcy proceedings involving non-core issues in fact and law were only core." *Id.* Likewise, issue five is whether "the bankruptcy judge err[ed] in ruling that the bankruptcy adversary proceeding was Core between private parties." *Id.* at 3.

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1). "Core proceedings include . . . determinations as to the dischargeability of particular debts." § 157 (b)(2)(I). The adversary suit at issue in this appeal was brought by Travelers to determine whether the debt it claimed the Phillips owed was dischargeable. Accordingly, pursuant to the plain language of the statute, this adversary suit is a core proceeding. And since "[b]ankruptcy courts have full adjudicative powers over core proceedings," the bankruptcy court here had the authority to enter a final judgment in the case. *In re BFG Invs. LLC*, 366 Fed. App'x 513, 515 (5th Cir. 2010) (internal quotation marks omitted). Therefore, the judgment of the bankruptcy court is AFFIRMED.

Signed at Houston, Texas on August 30, 2012.

_____
Gray H. Miller
United States District Judge